NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0045n.06
Filed: January 14, 2008

No. 07-3034

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

FRANK VELOTTA,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Eastern District of Kentucky

_____/

**Before:      GUY, GILMAN, and McKEAGUE, Circuit Judges.**

**PER CURIAM.**   Defendant Frank Velotta appeals from his plea-based conviction of eight Title 21 drug violations that took place over a five month period. He was sentenced to 120 months' incarceration under 21 U.S.C. § 841(b)(1)(B), specifically the provision imposing a minimum term of 10 years for a person (1) responsible for more than 500 grams of cocaine and (2) having prior convictions for felony drug offenses. Velotta's claim on appeal is that the district court improperly aggregated the amounts of cocaine involved in counts three through eight to total more than 500 grams, resulting in a statutory minimum sentence well above the applicable advisory guideline range, in violation of *United States v. Winston*, 37 F.3d 235 (6th Cir. 1994). Because the government concedes that the aggregation

for purposes of sentencing was improper, Velotta's sentence will be vacated and the matter

remanded for resentencing.

## I.

Velotta was charged with nine drug violations in an indictment filed March 7, 2006.[1]

These were (1) distribution of 4.54 grams of Diazepam, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(D) (Count one); (2) distribution of 126.05 grams of Oxycodone, in

violation of  21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count two); and (3) distribution of

various amounts of cocaine hydrochloride on six different dates in October-December 2005,

all in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts three through eight).  Of the

six cocaine counts, the maximum amount charged on any one occasion was 136.4 grams.

The government filed an information on March 21, 2006, notifying Velotta that it

intended to seek a sentence enhanced by 21 U.S.C. § 841(b)(1)(B) based on Velotta's prior

felony drug conviction:

> The United States alleges that the defendant has been convicted of at least one prior "felony drug offense."  The penalty enhancement provisions of Title 21, § 841(b)(1)(B), United States Code (relating to more than 500 grams of cocaine), require, among other things, a sentence to a term of imprisonment which may not be less than 10 years and not more than life imprisonment and/or a fine not to exceed $4,000,000, and 8 years of supervised release if the defendant has been convicted of a prior "felony drug offense."

Velotta entered into a written plea agreement on July 6, 2006.  He pleaded guilty to

counts one through eight, and sentencing was held on November 27, 2006.  Despite an

advisory Sentencing Guidelines range of 70-87 months, the court imposed 120 months'

---

[1]The ninth count, dismissed by the court on the government's motion, charged Velotta with distribution of Diazepam and Oxycodone within 1000 feet of a school, in violation of 21 U.S.C. § 860.

imprisonment, invoking the ten year mandatory minimum statutory penalty found at 21 U.S.C. § 841(b)(1)(B). This period was to be followed by eight years of supervised release. Velotta was also required to pay an $800 special assessment. Velotta's timely appeal was filed December 4, 2006.

## II.

Because there were no objections made to the intended penalty either prior to the sentence or at the sentence, we review for plain error. Under this standard of review, "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *U.S. v. Olano*, 507 U.S. 725, 732 (1993)).

The government concedes this error in its brief. Its summary of the argument states that, pursuant to *Winston*,

> a statutory mandatory minimum sentence of 120 months imprisonment, under 21 U.S.C. § 841(b)(1)(B), does not apply in this case and, as such, should not have been relied upon by the district court at sentencing. Accordingly, the government concedes that this Court should vacate Velotta's sentence and remand this case to the district court for resentencing under the advisory Sentencing Guidelines.

Accordingly, the sentence is **VACATED** and the matter is **REMANDED** to the district court for resentencing.